UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
......................................................................................
LUIS ROSALES,

                                             Plaintiff,

                   -v.-                                                            9:03-CV-0601
                                                                                         {TJM}{RFT}

RICHARD D. ROY, et al.,

                                          Defendants.
......................................................................................
RANDOLPH F. TREECE, MAGISTRATE JUDGE

## **ORDER**

Once again this Court is being asked by the Plaintiff to consider appointing counsel to assist him in the prosecution of this matter. Luis Rosales' Lt., dated May 13, 2005. Within the past month, this Court has addressed this very issue with the Plaintiff and denied his request without prejudice at least twice. Dkt. No. 58, Ord., dated May 2, 2005 (extensive discussion on the appointment of counsel); Dkt No. 60, Ord., dated May 12, 2005 (denying a request for a stay of deposition in order to secure an attorney or to have an attorney appointment). However, this time Rosales has cogently stated a conundrum that confronts him that would not, in all likelihood, exist if he was represented by an attorney. Thus, Rosales submits that his pretrial litigation dilemma warrants reconsideration of the May 2, 2005 Order. Dkt. No. 58.

Rosales served a Demand for the Production of Documents which requests, *inter alia*, that the Defendants produce copies of Investigative Reports and witness statements.[1] Defendants oppose disclosing these documents, as well as others, for various reason but more particularly because "in general Inspector General files are never produced directly to an inmate." Rosales Lt. at p. 1 (quotation cited within). The Plaintiff rightfully observes that in limited situations

---

[1] Other than the brief description provided by the Plaintiff in his letter to the Court, the Court is unaware of the breadth, time frame, target, and other details of his Demand to Produce.

where inmate litigants are represented by an attorney, certain portions of the Inspector General files are disclosed to the attorney under an umbrella of confidentiality with the further direction that they not are shared with the inmate plaintiff.  The crux of the conundrum for Rosales is that it is unfair to deny him the appointment of counsel when counsel may have greater access to relevant documents than him, and concurrently deprive him of similar or equal discovery of his case.  This Court agrees that such a predicament is unfair.

This Court has previously stated the policy within the Second Circuit pertinent to the appointment of counsel to an indigent in civil cases, and the reasons why Rosales' application for the appointment of counsel was denied without prejudice based upon a review of that policy. Dkt. No. 58, Ord., dated May 2, 2005 (citations omitted).  To reiterate, there is no constitutional right to the appointment of counsel in civil cases, although the Second Circuit has carved out factors to be considered when to appoint an attorney in such cases.  The Northern District of New York has embraced those factors, but as a general rule does not appoint an attorney to represent indigent *pro se* plaintiffs until the matter is ready for trial, and this Court is not prepared to deviate from that policy in this case.

However, the Court will not stand idly by and not address the denial of discovery which may be germane to the issues in this case.  Therefore, this Court will intervene in this case to help manage the discovery process so that it is fair and equitable under the totality of circumstances of this case.

Based upon the foregoing, it is hereby

ORDERED that the Plaintiff identify those discovery items being objected to that he seeks in a letter-brief with attachments.  This letter-brief with attachments shall be filed with the Court on or before June 20, 2005; and it is further

ORDERED, that the Defendant provide to this Court, on or before June 20, 2005, their Responses and/or Objections to the Plaintiff's various Demands for Discovery, any letter-memorandum in support of their Objections, and a copy of the documents they wish not to disclose to the Plaintiff for an *in camera* review.

IT IS SO ORDERED.

Albany, New York
May 23, 2005

_____
RANDOLPH F. TREECE
United States Magistrate Judge