UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS ROSALES,

                                  Plaintiff,

      v.                                                         9:03-cv-0601

RICHARD D. ROY, et al.,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 asserting violations of his First, Eighth, and Fourteenth Amendment rights arising out of his imprisonment at the Auburn Correctional Facility. Presently before the Court is Defendants' appeal of Magistrate Judge Treece's December 22, 2005 discovery order.

        The first issue on appeal concerns complaint IAD 02-0043. Magistrate Judge Treece ordered that all information identifying the complainant be redacted. Defendants seek permission to remove all information that would effectively serve to identify the complainant. This Court agrees with Defendants that it may redact all information that is sufficiently specific such that it would effective serve to identify the complainant. The Court similarly agrees with Defendants that they may redact information concerning allegations against a non-defendant officer. However, because Defendants did not submit the complaint to this Court for *in camera* review in connection with the appeal, the Court is in no position to

determine whether particular sentences or paragraphs may be redacted. If Defendants wish to present the actual complaint to the Court, they may do so before Magistrate Judge Treece.

The next issue on appeal concerns an FBI investigation. Magistrate Judge Treece sustained Defendants' objection that they need not produce documents prepared by the Department of Justice because such documents were not in the control or custody of Defendants. However, Magistrate Judge Treece directed that "to the extent that Defendants can, . . . they shall provide a response to whether the FBI investigation may include Plaintiff's allegations, if they know. Should Defendants not know whether Plaintiff's allegations were (are) being investigated by the FBI, they should so advise plaintiff." Defendants object on the ground that if they were to affirm or deny their knowledge concerning the scope of an FBI investigation directly to Plaintiff, they could be jeopardizing the investigation in some way. Defendants contend that a representative of the FBI could articulate specific security concerns, but that the FBI has not been contacted with respect to this motion.

Defendants have failed to substantiate how any FBI investigation may be jeopardized. The theoretical possibility that an investigation may somehow be jeopardized is an insufficient basis upon which to alter Magistrate Judge Treece's ruling. Plaintiff is aware of an ongoing FBI investigation. It is further clear that Plaintiff is aware of the possibility that the FBI investigation includes his allegations. It is, therefore, unclear how Defendants' providing an answer of "yes," "no," or "we don't know" is likely to jeopardize any ongoing investigation. While a response by Defendants may confirm information for Plaintiff, it will not be alerting him to any information the probable existence of which he is not already aware.

Next, Defendants object to that portion of Magistrate Judge Treece's order directing that Defendants provide affidavits stating whether they can recall any excessive force complaints or grievances lodged against them for the period of 2000 to 2003. Magistrate Judge Treece warned Defendants that they must "make a good faith effort to complete this affidavit with honest and genuine response. Failure to do so or if this Court gleans that the averments provided were done in such a manner as an attempt to evade this responsibility or mislead the Court and Plaintiff, such omissions and/or commissions will subject the purported affiant to sanctions." Defendants object on the ground that "they are being placed in the untenable situation where even if they honestly respond that to their knowledge and recollection there were no such complaints during the relevant time period that they will automatically be suspected of lying and subject to sanctions. . . ."

This objection is unfounded. First, Magistrate Judge Treece permitted Defendants to submit the affidavits as an alternative to searching through nearly 800 records looking for relevant information.[1] If Defendants are concerned about the veracity of any information in an affidavit, then they would be well advised to review the records and produce responsive information. Second, all persons signing affidavits have a duty to only include truthful information. Thus, Magistrate Judge Treece did not put a particularly onerous burden on Defendants. Third, this Court will make no presumptions of veracity or the lack thereof. Thus, the Court will leave Defendants with a choice. They can either review the relevant records and provide any responsive information to Plaintiff or they can supply the affidavits

---

[1] According to Defendants, their database does not allow them to search complaints by the corrections officers' names and it would be extremely burdensome for them to manually search through the records.

as directed by Magistrate Judge Treece subject to the possibility of sanctions for evasive or misleading responses.

Lastly, Defendants object to Magistrate Judge Treece's having suggested that Defendants may have compiled certain information for the FBI. It is unclear what, if any, relief Defendants are seeking. Accordingly, the Court will amend Magistrate Judge Treece's Order to require Defendants to produce any relevant lists and summaries from grievance lists that were created for whatever reason.

In light of this decision, the Court's Order dated yesterday, February 15, 2006, which stayed Magistrate Judge Treece's December 22, 2005 Order is hereby VACATED and the Court finds that there is no need to reset the discovery deadlines.

IT IS SO ORDERED.

Dated: February 16, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge