**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LUIS ROSALES,

                     *Plaintiff,*

         *vs.*                                     Civil Action No.
                                            9:03-CV-601-LES/RFT

**TIMOTHY QUINN, JOSEPH GIANNOTTA,**
**RICHARD PFLEUGER, WILLIAM MARTENS**
**and RANDALL CALHOUN, et al.**

                   *Defendants.*

## PLAINTIFF'S PROPOSED JURY CHARGES

       Plaintiff, Luis Rosales, respectfully submits the following Proposed Jury Charges pursuant to the Court's Order of May 31, 2007:

## **INTRODUCTION**

Now that you have heard all the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case.

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence. Once you have determined the facts, you must follow the law as I state it, and apply the law to the facts. You are not to consider one instruction alone as stating the law. You are to consider the instructions as a whole.

You should not concern yourself with the wisdom of any rule of law. You are bound to accept and apply the law as I give it to you, whether or not you agree with it. In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice or sympathy towards any party. Both parties and the public expect you to carefully and impartially consider all the evidence in the case, follow the law as stated by me, and reach a decision regardless of the consequences.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is your responsibility to determine the facts, not mine.

## EVIDENCE

Your duty is to determine the facts based on the evidence I have admitted. The term "evidence" includes the sworn testimony of witnesses and exhibits marked in the record. Arguments and statements of lawyers, questions to witnesses, and evidence excluded by my rulings, are not evidence. In addition, during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record. You may not draw inferences from unanswered questions and you may not consider any responses stricken from the record.

The function of lawyers is to call to your attention facts that are most helpful to their side of the case. However, what the lawyers say is not binding on you, and in the final analysis, your own recollection and interpretation of the evidence controls your decision.

In addition, you must not infer from anything I have said during this trial that I hold any views for or against any party in this lawsuit. In any event, any opinion I might have is irrelevant to your decision.

While you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits that are justified in light of common experience. The law recognizes two types of evidence – direct and circumstantial. Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness. Circumstantial or indirect evidence is proof of a chain of events that points to the existence or nonexistence of certain facts. The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

## ROLE OF ATTORNEYS

I should also discuss the role of the attorneys.  We operate under an adversary system in which we hope that the truth will emerge through the competing presentation of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that rule, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  Although the interruption caused by these objections may be irritating or distracting, the attorneys are not to be faulted because they have a duty to make any objections that they feel are appropriate.

The application of the rules of evidence is not always clear, and lawyers often disagree.  It has been my job as the judge to resolve evidentiary disputes.  However, it is important for you to realize that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this not a contest among attorneys, but rather an attempt to rationally resolve a serious controversy about the parties, and solely on the basis of the evidence.  Statements by the attorneys and characterizations by them of the evidence are not controlling.  If you find such statements helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## **STIPULATED FACTS**

The parties also have presented some stipulated facts.  A stipulated fact is simply one that both parties agree is true.  You must regard such agreed facts as true.

## **BURDEN OF PROOF**

When a party has the burden of proof on a particular issue it means that he must establish by a preponderance of the credible evidence that his claims, and the elements that comprise those claims, are true.  The credible evidence means the testimony or exhibits that you find worthy of belief.  A preponderance means the greater part of the evidence.  The phrase refers to the quality of the evidence.

In this case the plaintiff seeks to recover damages under 42 U.S.C. § 1983 for alleged violations his Constitutional right to free speech and his right against cruel and unusual punishment.  The plaintiff has the burden of proving by a fair preponderance of the evidence the elements that I will describe to you shortly.  For the plaintiff to prevail, you must find the evidence that supports his claim is the more likely version of what occurred.  If you find the evidence supporting defendants' case more persuasive, or if you are unable to find a preponderance of evidence on either side, then you must resolve the question in favor of the defendants.  You may only find in favor of the plaintiff if the evidence supporting his claims outweighs the evidence opposing his claims.

Likewise, the defendants bear the burden of proof on their affirmative defense of qualified immunity.  The same rules I just described apply to the defendants' burden of proof on their affirmative defense.  I will talk more about the respective burdens of proof in this particular case a little later on.

## CIVIL ACTIONS UNDER 42 U.S.C. § 1983

The law to be applied in this case is the federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1971, people so injured were not able to sue state officials or persons acting under color or state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the First Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.[1]

---

[1]  87-65 *Modern Federal Jury Instructions-Civil*, P 87.03 (Matthew Bender 3d ed.) (hereinafter, "[Vol.]-[Ch.] Modern Federal Jury Instructions") (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)); and 87-66 Modern Federal Jury Instructions (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

## **BURDEN OF PROOF UNDER SECTION 1983**

Shortly I will instruct you on the elements of plaintiff's Section 1983 claim, and on the elements of defendants' qualified immunity defense.

The plaintiff has the burden of proving each and every element of his Section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defense. If you find that any one of the elements of defendants' affirmative defense has not been proven by a preponderance of the evidence you must disregard the affirmative defense.[2]

---

[2] 87-67 Modern Federal Jury Instructions (*citing Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980)).

## ELEMENTS OF SECTION 1983 CLAIM

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws or the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.[3]

---

[3] 87-68 Modern Federal Jury Instruction (*citing Parrat v. Taylor*, 451 U.S. 527 (1981); *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994)).

## FIRST ELEMENT – ACTION UNDER COLOR OF STATE LAW

The first element of the plaintiff's claim is that the defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendants were clothed with the authority of state law, and that the defendants' actions were made possible by virtue of state law.

Whether the defendants committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendants did commit those acts, I instruct you that since the defendants were officials of the State of New York at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.[4]

---

[4] 87-69 Modern Federal Jury Instructions (*citing American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); *Adickes v. S.H. Kress Co.*, 398 U.S. 144 (1970); *Monroe v. Pape*, 365 U.S. 167 (1961); and 87-69 Modern Federal Jury Instructions (*citing Parratt v. Taylor*, 451 U.S. 527 (1981); *Monroe v. Pape*, 365 U.S. 167 (1961)).

## SECOND ELEMENT – DEPRIVATION OF RIGHT

The second element of plaintiff's claim is that he was deprived of a federal right by the defendants.[5]  More specifically, plaintiff claims that: (a) defendant Giannotta deprived the plaintiff of his first amendment right to petition the government for redress of grievances by placing the plaintiff in a three-day "keeplock" confinement simply because the plaintiff had filed a grievance against Giannotta that Giannotta felt was untrue; (b) defendant Quinn deprived the plaintiff of his first amendment right to petition the government for redress of grievances by threatening the plaintiff with physical harm if he did not stop filing grievances against the other defendants; (c) defendant Pfleuger both deprived the plaintiff of his first amendment right to petition the government for redress of grievances and violated the plaintiff's right against cruel and unusual punishment by assaulting the plaintiff on two consecutive days in retaliation for a grievance the plaintiff previously had filed against defendant Pfleuger; and (d) defendants Martens and Calhoun both deprived the plaintiff of his first amendment right to petition the government for redress of grievances and violated the plaintiff's right against cruel and unusual punishment by assaulting the plaintiff after the plaintiff refused to sign a release of a grievance the plaintiff previously had filed against defendants Pfleuger and Calhoun.

In order for the plaintiff to prove deprivation of his right to petition the government for redress of grievances, he must establish by a preponderance of the evidence, the following things:

First, that the activity in which he was engaged was constitutionally protected;

Second, that the defendants intentionally committed the acts alleged; and

---

[5] 87-74 Modern Federal Jury Instructions (*citing Conn v. Gabbert*, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999)).

Third, that plaintiff's constitutionally protected activity was a substantial or motivating factor in the defendants' decision to commit such acts.[6]

I first instruct you as a matter of law that the plaintiff has a constitutionally protected right to petition the government for redress of grievances.[7] Therefore, you must determine whether the plaintiff has demonstrated by a preponderance of the evidence that (1) he was engaged in such conduct; (2) that the defendants intentionally retaliated against plaintiff as a result of such conduct; and (3) that the plaintiff's constitutionally protected activity was a substantial or motivating factor in the defendants' decision to commit such acts.

If plaintiff meets this initial burden, you must then determine whether defendants have proven by a preponderance of the evidence that they would have acted accordingly even in the absence of the plaintiff's grievances.[8]

If you find by a preponderance of the evidence that plaintiff has met his burden and that the defendants have failed to prove by a preponderance of the evidence that they would have acted accordingly even in the absence of the plaintiff's grievances, you may find that the plaintiff's Constitutional rights were violated.

In order for the plaintiff to prove deprivation of his right against cruel and unusual punishment, he must establish by a preponderance of the evidence, the following things:

First, that the defendants committed the acts alleged by plaintiff.

Second that those acts caused the plaintiff to suffer the loss of a federal right under the Eighth Amendment. This element requires some explanation.

---

[6] *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988); *Graham v. Henderson*, 89 F.3d 75 (2d Cir. 1996) *Gaston v. Coughlin*, 81 F. Supp. 2d 381 (N.D.N.Y. 1999);
[7] *Id.*
[8] *Hynes v. Squillace*, 143 F.3d 653 (2d Cir.) (per curiam), *cert. denied*, 525 U.S. 907, 119 S. Ct. 246 (1998).

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The cruel and unusual punishments clause was designed to protect those convicted of crimes. An express intent to inflict unnecessary pain is not required but of course if you find that any of the defendants acted with such intent, this will be enough.[9]

As I noted earlier, the plaintiff alleges that his Eighth Amendment right to be free of cruel and unusual punishment was violated in two ways. First, plaintiff claims that defendant Pfleuger assaulted the plaintiff on two consecutive days in retaliation for a grievance the plaintiff previously had filed against defendant Pfleuger. Second, the plaintiff claims that defendants Martens and Calhoun assaulted the plaintiff after the plaintiff refused to sign a release of a grievance the plaintiff previously had filed against defendants Pfleuger and Calhoun.

When an inmate alleges that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by using unnecessary or excessive force on him, the legal standard for assessing the force used depends on whether or not force was used in an effort to maintain security in a prison. If prison officials use physical force against an inmate as part of a security measure, then the question of whether the force was excessive and in violation of the Eighth Amendment, depends on whether force was used in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.[10]

---

[9] 87-74 Modern Federal Jury Instructions; *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996); *Conn v. Gabbert*, 526 U.S. 286 (1999); *Young v. County of Fulton*, 160 F.3d 754 (2d Cir. 1998).
[10] *Id.*

## **PROXIMATE CAUSE – GENERALLY**

The third element that plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' acts or omissions.[11]

---

[11] 87-79 Modern Federal Jury Instructions.

## QUALIFIED IMMUNITY

The defendants will not be entitled to qualified immunity if, at the time of the hearing, they neither knew nor should have known that their actions we contrary to federal law. The simple fact that the defendants acted in good faith is not enough to bring him within the protection of this qualified immunity. Nor is the fact that the defendants were unaware of the federal law. The defendants are entitled to qualified immunity only if they did not know what they did was in violation of federal law and if a competent public officer could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have know about the legality of the defendants' conduct, you may consider the nature of the defendants' official duties, the charter of their official position, the information which was known to the defendants or not known to them, and the events which confronted them. You must ask yourself what a reasonable official in the defendants' situation would have believed about the legality of their conduct. You should not, however, consider what the defendants' subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in the defendants' situation would believe their conduct to be lawful, then this element will be satisfied. The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law. If one or more of the defendants convince you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for the defendant or defendants who convinced you of that fact, even

though you may have previously found that the defendant or defendants in question in fact violated

the plaintiff's rights under color of state law.[12]

---

[12] 87-86 Modern Federal Jury Instructions.

## COMPENSATORY DAMAGES

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.  If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries that you find the plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of Section 1983.  That is you may not simply award actual damages for any injury suffered by plaintiff – you must award actual damages only for those injuries that are a direct result of actions by these defendants and that are a result of conduct by the defendants that violated the plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.[13]

---

[13] 87-87 Modern Federal Jury Instructions (*citing Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994).

## EXEMPLARY OR PUNITIVE DAMAGES

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, this rights of the Injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendants acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendants have a conscious desire to violate federal rights of which he is aware, or when the defendants have a conscious desire to injure the plaintiff in a manner they know to be unlawful. A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the defendants had a conscious desire to violate rights or injure the plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that the defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find

that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent these defendants from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or persons like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendants against whom damages are awarded.

Therefore, if you find that punitive damages should be awarded against the defendants, you may

consider the financial resources of the defendants in fixing the amount of such damages.[14]

---

[14] 87-89 Modern Federal Jury (*citing Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997).

## **NOMINAL DAMAGES**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by the defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred in an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitution deprivation, you must award nominal damages not to exceed one dollar.[15]

---

[15] 87-88 Modern Federal Jury Instructions (*citing Carey v. Piphus*, 435 U.S. 247 (1978); *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999).

## MULTIPLE CLAIMS/DEFENDANTS

I have two more cautionary instructions to keep in mind when considering the types of damages more than once for the same injury. For example, if plaintiff were to prevail on two claims and establish a certain dollar injury, you could not award him the same dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries. With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are five defendants in this case, it does not follow that if one is liable, all are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of assessing damages. You may find that one or more of the defendants are liable based on the use of improper physical force against the plaintiff, and that one or more additional defendants are liable

for the same injuries because of a failure to intervene to stop the use of force, despite a reasonable opportunity to do so.

  If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.  You must, however, if you find punitive damages warranted, properly assess them separately against the individual defendants you find liable for punitive damages.[16]

---

[16] *McFadden v. Sanchez*, 710 F.2d 907, 914 n.6 (2d Cir. 1983); *Gagnon v. Ball*, 696 F.2d 17, 19 n.2 (2d Cir. 1982); *City of Richmond, VA v. Madison Management Group*, 918 F.2d 438,. 461 (4th Cir. 1990).

## <u>CONCLUSION</u>

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.  Your first order of business in the jury room will be to elect a foreperson.  The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner.  This does not mean that the foreperson's vote is entitled to any greater weight than the vote of any other juror.  Your job as jurors is to reach a fair conclusion from the law and evidence.  When you are in the jury room, listen to each other, and discuss the evidence and issues.  It is the duty of each of you, as jurors, to consult with each other.  You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience.  Remember in your deliberations that the dispute between the parties is for them no passing matter.  The parties and the court are relying on you to give full and conscientious consideration to the issues and the evidence before you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony or instructions read to you.

Should you desire to communicate with the court during your deliberation, please put your message or question in writing.  The foreperson should sign the note and pass it to the Marshall who will bring it to my attention.  I will then respond, either in writing or orally, by having you returned to the courtroom.  I caution you, however, that in your communications with the court, you should never state your numerical division.

Once you have reached a unanimous verdict and the verdict form has been completed, please inform the Marshall that a verdict has been reached.  Your verdict on each claim for relief must be unanimous, and it must also represent the considered judgment of each juror.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict.  Remember you are not partisans.  Your duty is to seek the truth from the evidence presented to you.

Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the Marshall that a verdict has been reached.

Verdict forms have been prepared for you.  You should review them after retiring to the jury room.

**DATED**:        July 9, 2007

**HISCOCK & BARCLAY, LLP**


By: /s/ *Douglas J. Nash*
        Douglas J. Nash
        Bar Roll No. 511889

*Attorney for Plaintiff*
Luis Rosales

One Park Place
300 South State Street
Syracuse, New York 13221-2078
Telephone: (315) 425-2828
Facsimile: (315) 703-7364
Email: dnash@hiscockbarclay.com