UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
===================================
LUIS ROSALES,

                              *Plaintiff*,

                                                                       9:03-CV-601
                                                                        (LES)

      -against-

LIEUTENANT QUINN; *et al*.

                                  *Defendant*s.

===================================

**DEFENDANTS' SUPPLEMENTAL PROPOSED JURY CHARGES**

                                                    ANDREW M. CUOMO
                                                   Attorney General of the State
                                                          of New York
                                                   Attorney for Defendants
                                                 615 Erie Blvd. West, Suite 102
                                                 Syracuse, NY 13204
                                                 Telephone: (315) 448-4800

MARIA MORAN
  Assistant Attorney General
    Of Counsel

**Second Element - Unlawful Use of Force Claims**

With respect to plaintiff's claims that defendant Pfleuger used excessive force on him on February 17 and 18, 2003, and defendants Martens and Calhoun used excessive force on May 8, 2003, plaintiff must show, by a preponderance of the evidence, that the defendants intentionally committed the acts alleged. Plaintiff must also show that those acts violated his constitutional rights under the Eighth Amendment.

An unlawful use of physical force by a prison official against a prisoner may give rise to a federal constitutional claim. Even if some evidence in this case established physical contact between on of the defendants and the plaintiff which resulted in serious personal injury to the plaintiff is not proof in and of itself that the defendant acted beyond his lawful authority. The defendants, as law enforcement officers, had the lawful authority to use such physical force as may have been reasonably necessary to enforce compliance with proper instructions and to protect other prisoners and himself, as well, from physical harm at the hands of any prisoner, including the plaintiff himself.

Thus, even if you find from a preponderance of the evidence that certain of the acts alleged by the plaintiff were, in fact, knowingly done by a defendant, you should still find for the defendant if you also find that there was a plausible basis for the official's belief that the degree of force was necessary.

Not every push, shove or striking, even if it is hard, and even if it may later seem to be unnecessary while you sit here in court, is a constitutional violation. You must determine whether the defendant used force against plaintiff "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of

causing harm." The Eighth Amendment excludes from its coverage "*de minimis* uses of physical force" provided they are not of a sort "repugnant to the conscience of mankind." The use of force in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree for force applied for security purposes was unreasonable, and hence unnecessary in the strict sense.

To determine if a constitutional violation has occurred you must consider the circumstances surrounding the use of force, the need for decisive action by the defendant, the need for the use of force, the amount of force actually used and the extent of the injury inflicted. In evaluating the plaintiff's claims, you may also consider whether the plaintiff alleges any injury and whether the medical records support this.

If you do not find that defendants Pfleuger, Martens or Calhoun used excessive force against the plaintiff, then you must find for the defendants on that issue. If you find that one or more of those defendants did in fact use excessive force, then you must find in favor of the plaintiff.

Authority:    *Whitley v. Albers*, 475 U.S. 312 (1986); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied* 414 U.S. 1033 (1973); *Hudson v. McMillian*, 112 S. Ct. 995, 999 (1992).

Dated: July 26, 2007
Syracuse, New York

                        ANDREW M. CUOMO
                        Attorney General of the State of New York
                        Attorney for the Defendants

BY:    s/Maria Moran
                        MARIA MORAN
                        Assistant Attorney General
                            of Counsel
                        Bar Roll No. 302287
                        615 Erie Boulevard West, Suite 102
                        Syracuse, New York 13204-2465
                        Telephone: (315) 448-4800

To:    Douglas J. Nash, Esq. (via CM/ECF)
       Plaintiff's Pro Bono Trial Counsel

       Luis Rosales (via U.S. Mail)
       Plaintiff, *pro se*